# <u>EXHIBIT A</u>

STATE OF INDIANA )
                  ) SS:
COUNTY OF MARION )

IN THE MARION SUPERIOR COURT

CAUSE NO. 49D05 15 09 PL 030998

30 WEST PERSHING, LLC, a Missouri limited )
liability company, )
                               )
        Plaintiff, )
                               )
      v. )
                               )
LATITUDE 360, INC., f/k/a LATITUDE )
GLOBAL, INC., a Florida corporation; and )
LATITUDE 39 GROUP, LLC, a Florida limited )
liability company. )
                               )
        Defendants. )

**FILED**

(182)  SEP 17 2015

*Myla A. Eldridge*
CLERK OF THE MARION CIRCUIT COURT

## **COMPLAINT**

Plaintiff, 30 WEST PERSHING, LLC., a Missouri limited liability company ("Landlord"), by counsel, for its "Verified Complaint" against Defendants LATITUDE 360, INC., f/k/a LATITUDE GLOBAL, INC., a Florida corporation ("Tenant") and LATITUDE 39 GROUP, LLC a Florida limited liability company ("Subtenant"), alleges and states as follows:

### **The Parties, Venue, and Jurisdiction**

1.    Landlord is a Missouri limited liability company with its principal place of business in Kansas City, Missouri.

2.    Tenant, upon information and belief, is a Florida corporation with its principal place of business in Jacksonville, Florida.

3.    Subtenant, upon information and belief, is a Florida limited liability company with its principal place of business in Jacksonville, Florida.

4.    Venue is proper in Marion County, Indiana pursuant to Ind. T. R. 75(A)(2).

2012024.1

5.    All conditions precedent to the present cause of action have been met or have been waived.

<u>**Background Facts Applicable to All Counts**</u>

6.    On or about February 28, 2012 the Landlord and Tenant entered into a "Master Facility Lease Agreement" ("Master Lease") for commercial properties located at both 10370 Phillips Highway, Jacksonville, Florida ("Jacksonville Facility") and 4016 E. 82nd Street, Indianapolis, Indiana ("Indiana Facility"). A true, correct, and authentic copy of the Master Lease is attached hereto and made a part hereof as *Exhibit A*.

7.    On or about March 15, 2013 the Landlord and Tenant executed that certain First Amendment to the Master Facility Lease Agreement ("First Amendment") modifying the terms of the Master Lease. A true, correct, and authentic copy of the First Amendment is attached hereto as *Exhibit B*. Hereinafter, the Master Lease and First Amendment are collectively referred to as the "Lease."

8.    By the terms of the Lease, Tenant was required to pay Rent for the Indiana Facility (as defined by the Lease) commencing on or about January 1, 2013.

9.    Notwithstanding the requirements of the Lease, Tenant failed to pay Rent as set forth in the Lease.

10.    On or about December 5, 2014 the Landlord and Tenant (along with Subtenant, some guarantors, and other interested parties) entered into a "Forbearance Agreement" ("Initial Forbearance Agreement") whereby Landlord agreed to forbear from, among other things, exercising certain rights under the Lease through March 31, 2015 ("Forbearance Period"), in exchange for, among other things, Tenant acknowledging its defaults under the Lease, providing additional security, and making additional payments to be applied to delinquent Rent. A true,

correct, and authentic copy of the Initial Forbearance Agreement is attached hereto and made a part hereof as *Exhibit C*.

11.     On or about February 25, 2015, the Landlord and Tenant (along with Subtenant, some guarantors, and other interested parties) entered into a "First Amendment to Forbearance Agreement", which amended certain terms in the Initial Forbearance Agreement and clarified Landlord's ownership with respect to certain personal property located in the Indiana Facility. A true, correct, and authentic copy of the First Amendment to Forbearance Agreement is attached hereto and made a part hereof as *Exhibit D*.

12.     On or about March 31, 2015, the Landlord and Tenant (along with Subtenant, some guarantors, and other interested parties) entered into a "Second Amendment to Forbearance Agreement" which, among other things, extended the Forbearance Period from March 31, 2015 to May 31, 2015. A true, correct, and authentic copy of the Second Amendment to Forbearance Agreement is attached hereto and made a part hereof as *Exhibit E*. Hereinafter, the Master Lease, First Amendment, Initial Forbearance Agreement, First Amendment to Forbearance Agreement, and Second Amendment to Forbearance Agreement may be referred to collectively as the "Transaction Documents").

13.     Tenant defaulted under the Forbearance Agreement and, in any event, the Forbearance Period has now expired.

14.     Under the Transaction Documents, Tenant was required to pay Rent on a timely basis.

15.     Tenant has failed to pay Rent on a timely basis as required by the Transaction Documents.

16.     Tenant's failure to pay Rent amounts to a default under the Transaction

3

Documents.

17.     On or about August 20, 2015, Landlord sent written notice ("Default Notice") to Tenant setting forth Tenant's defaults and demanding payment within ten (10) days. A true, correct, and authentic copy of the Default Notice is attached hereto and incorporated herein as *Exhibit F*.

18.     Despite demand, Tenant has refused and/or failed to cure its defaults under the Transaction Documents.

19.     Landlord has been damaged by the defaults of Tenant and, as of September 1, 2015, is owed Rent by Tenant totaling at least $3,126,175.74.

## COUNT I – PREJUDGMENT AND FINAL POSSESSION OF INDIANA FACILITY

20.     Landlord realleges and reincorporates paragraphs 1 through 19 as if fully set forth herein.

21.     Landlord terminated the Lease effective September 2, 2015. A true, correct, and authentic copy of the termination notice is attached hereto and incorporated herein as *Exhibit G*.

22.     Pursuant to the Transaction Documents, Landlord is entitled to immediate possession of the Indiana Facility as owner of the property.

23.     Upon information and belief, Tenant has subleased the Indiana Facility to Subtenant.

24.     As set forth more fully in the in the "Affidavit of Tom Hudak" attached hereto and incorporated herein as *Exhibit H*, Tenant and/or Subtenant is unlawfully retaining possession of the Indiana Facility. Consequently, Tenant and/or Subtenant is unlawfully keeping Landlord from possession of the premises.

25.     The estimated monthly rental value of the Premises is $96,532.92 (excluding

4

common area maintenance costs).

26.     Landlord, therefore, seeks an order of prejudgment possession with respect to the Indiana Facility, against both Tenant and Subtenant, pursuant to Indiana Code § 32-30-3-5.

27.     Landlord also seeks a judgment of final possession with respect to the Indiana Facility against both Tenant and Subtenant.

## COUNT II – REPLEVIN

28.     Plaintiff realleges and reincorporates paragraphs 1 through 27 as if fully stated herein.

29.     Pursuant to the Transaction Documents, Landlord owns and is entitled to possession of the following personal property:

> Any and all trade fixtures and equipment, signs, appliances, furniture and other personal property of any nature installed in the [Premises]... including without limitation, bowling alleys, pinsetting devices, restaurant and kitchen equipment, movie screening projectors and screens, seats affixed to the floor in movie screening rooms, mechanical equipment and systems, lighting fixtures, acoustical wall panels, projection and sound equipment, and satellite dishes; and

> [B]owling alleys, pinsetting devices, bowling balls and related equipment, bowling scor keeping systems, including the requisite hardware and software, moving screening projectors and screens, seats affixed to the floor in movie screening room or auditoriums, beverage delivery systems, pizza ovens, built-in kitchen equipment, built-in furniture and built-in fixtures; HVAC and all mechanical and refrigeration systems.

(collectively, the "Property")

30.     Upon information and belief, the Property is located at the Indiana Facility, which is located in Marion County.

31.     Pursuant to Indiana Code §§ 26-1-9.1-609 and/or 32-35-2-1 et seq., Landlord may bring an action for possession of the Property.

32.     Pursuant to the terms of the Transaction Documents, Landlord either owns the

Property outright or owns a valid security interest therein.

33.     Upon information and belief, Tenant and/or Subtenant is unlawfully retaining possession and control of the Property.

34.     The Property has not been taken for tax, assessment, or fine pursuant to statute, or seized under an execution or attachment against the property of Tenant and/or Subtenant.

35.     The approximate value of the Property is not set forth in the Transaction Documents.   However, Landlord estimates the value of the Property to be approximately $2,000,000.

*WHEREFORE*, Landlord hereby requests the following:

A.     A hearing, at the Court's earliest convenience on Landlord's request for prejudgment possession of the Indiana Facility.

B.     After said hearing, an Order granting Landlord's request for prejudgment possession of the Indiana Facility.

C.     A final judgment of possession with respect to both the Indiana Facility and the Property.

D.     All other necessary and proper relief.

Respectfully submitted,

Jason A. McNiel, Atty. No. 25703-49
Kaitlyn J. Marschke, Atty. No. 31411-29

ICE MILLER LLP
One American Square, Suite 3100
Indianapolis, IN  46282-0200
(317) 236-2300

*Attorneys for Plaintiff,*
*30 West Pershing LLC*

6

I\5960963.2